IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

    Petitioner,                    No. 2:11-cv-1055 MCE JFM (HC)

  vs.

J. WALKER,                        ORDER AND

    Respondent.             FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 9, 2011, respondent filed a motion to dismiss the petition. Petitioner opposes the motion. Upon review of the motion, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        Petitioner challenges the revocation of thousands of days of good-time credits by prison officials, credits which he argues entitle him to release from prison in November 2012. Petitioner contends that since 1998, the California Department of Corrections and Rehabilitation ("CDCR") and the California government have conspired to falsely issue 73 rules violations reports ("RVR") that deprived him of 4,745 days of good-time credits and thereby extended his period of incarceration.

        On April 5, 2010, petitioner filed an inmate grievance challenging in a single form all 73 RVRs that resulted in the forfeiture of good-time credits. See Doc. No. 1 at 50-51.

1  Petitioner's appeal was denied at the first, second and director's levels of review.  See id. at 47-
2  49, 52-56.
3         Petitioner then filed a petition for writ of habeas corpus in the Sacramento County
4  Superior Court, which was denied on February 8, 2011 as procedurally defaulted on the grounds
5  that (a) petitioner failed to submit any documentation of any of his disciplinary proceedings, (b)
6  he failed to exhaust his administrative remedies for each of the disciplinary decisions and (c) his
7  single administrative appeal attempting to challenge all of the forfeited credits was improper
8  pursuant to CDCR regulations that specify the process by which inmates may challenge credit
9  forfeitures.  Doc. No. 1 at 33-35.
10         Petitioner appealed to the California Court of Appeal, Third Appellate District,
11  which summarily denied the petition on February 24, 2011.  Doc. No. 1 at 77.
12         Petitioner appealed to the California Supreme Court.  See Doc. No. 1 at 76.  On
13  April 11, 2011, the Clerk of the California Supreme Court returned to petitioner the documents
14  filed by him on April 5, 2011 with a note stating that the "court lost jurisdiction to act on any
15  petition for review March 24, 2011.  (See Cal. Rules of Court, rule 8.500(e).)  Without this
16  jurisdiction, this court is unable to consider your request for legal relief."  Id.
17         Petitioner initiated this action on April 18, 2011.  On November 14, 2011,
18  respondent filed a motion to dismiss.  Petitioner filed an opposition on November 22, 2011.  On
19  December 6, 2011, respondent filed a motion for extension of time and a reply.  The motion for
20  extension of time will be granted.
21         Also pending are petitioner's (1) November 22, 2011 motion for temporary
22  restraining order, in which he seeks an order directing respondent to modify his yard
23  classification status, and (2) December 14, 2011 motion to compel discovery.

DISCUSSION

A.    Respondent's Motion to Dismiss

       Respondent seeks dismissal of the petition on the grounds that the petition fails to

2

state a claim and is procedurally defaulted. Even assuming for the sake of argument that the claims set forth in the pending petition are cognizable, the motion to dismiss should be granted because petitioner's claims are unexhausted.

As a preliminary matter, petitioner challenges respondent's filing of a motion to dismiss instead of an answer as directed by this court's October 11, 2011 order. The Ninth Circuit, however, has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.

      1.      <u>Failure to Exhaust State Court Remedies</u>

Respondent argues that the petition is procedurally defaulted because petitioner failed to seek timely review in the state supreme court.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

A fair presentation requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of the law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label his claim "federal." Baldwin, 541

U.S. at 32; Gray v. Netherland, 518 U.S. 152, 162-63 (1996). When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Cook v. Schriro, 538 F.3d 1000, 1025 (2008), cert. denied, 129 S. Ct. 1033 (2009).

Here, respondent contends petitioner failed to properly present his claims to the California Supreme Court. In support, respondent refers to an April 11, 2011 letter submitted by petitioner and mailed to him from the Clerk of the California Supreme Court. With citation to California Rules of Court, rule 8.500(e), the Clerk returned petitioner's April 5, 2011 documents challenging the California Court of Appeal's denial of his petition for writ of habeas corpus. According to Rule 8.500(e), "[a] petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court." Because the California Court of Appeal's decision was dated February 24, 2011, petitioner's April 5, 2011 petition was deemed untimely. In this regard, petitioner has not fairly presented his claims to the state's highest court and has not satisfied the exhaustion requirement.

Petitioner concedes his petition was untimely. See Opp'n at 15-16. In an attempt to justify the tardiness, he asserts that the California Court of Appeal failed to provide notice of its denial and that this failure prejudiced petitioner. Petitioner does not explain why this argument was not presented to the state supreme court in a motion for reconsideration. Thus, the court does not find this reason to be meritorious.

2.  Failure to Exhaust Administrative Remedies

Respondent also argues the petition is procedurally defaulted because petitioner failed to exhaust his administrative remedies.

The United States Supreme Court has recently affirmed that a federal court will not review a habeas claim rejected by a state court if that court's decision rests on a state law ground that is both independent of the federal question and adequate to support the judgment.

4

See Walker v. Martin, ––– U.S. ––––, 131 S. Ct. 1120, 1127 (2011) (quoting Beard v. Kindler, 558 U.S. ––––, ––––, 130 S. Ct. 612, 615 (2009)). See also Coleman v. Thompson, 501 U.S. 722, 729 (1991). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to the adjudication of the claim on the merits. Walker, 131 S.Ct. at 1127.

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law. See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law."). See also Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."). California's administrative exhaustion rule has also been firmly established and has been regularly followed since 1941 and is therefore adequate to support a judgment. See In re Muszalski, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."); Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 292 (1941) ("the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."). See also Drake v. Adams, 2009 WL 2474826, at *2 (E.D.Cal. Aug. 11, 2009) ("In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies. Thus, this doctrine appears to be well established and consistently applied.").

In this case, the Sacramento County Superior Court, the last court to issue a reasoned opinion, determined that the petition for writ of habeas corpus was procedurally defaulted because petitioner failed to exhaust his administrative remedies as to each RVR. See Doc. No. 1 at 33-35. The court cited to In re Dexter, 25 Cal.3d 921, 925 (Cal. 1979), and In re Muszalski, 52 Cal. App. 3d 500, 503-04 (Cal. Ct. App. 1975). In re Dexter stands for the

5

1  proposition that a state habeas petitioner "will not be afforded judicial relief unless he has
2  exhausted available state administrative remedies." 25 Cal. 3d at 925; see also Muszalski, 52
3  Cal. App. 3d at 503 (describing requirement as "well settled as a general proposition"); Edwards
4  v. Small, 2011 WL 976606, at *7-9 (S.D. Cal. Feb. 18, 2011) (administrative exhaustion is an
5  independent state law procedural ground).
6        In terms of independence, the state court's order clearly and explicitly denies
7  petitioner's state habeas claim based upon his failure to exhaust his administrative remedies. In
8  terms of adequacy, respondent has pleaded the existence of the bar, thereby shifting the burden
9  to petitioner to come forward with specific factual allegations and citations to authority to
10 demonstrate that the rule is not consistently enforced. See Bennett v. Mueller, 322 F.3d 573,
11 585-86 (9th Cir.), cert. denied, 540 U.S. 938 (2003).
12       Petitioner admits that he did not exhaust his administrative remedies as to each
13 RVR. He argues, however, that exhaustion would have been difficult, if not impossible, because
14 of the number of RVRs at issue. This argument is unconvincing. While the number of RVRs
15 (73) is large in hindsight, petitioner does not explain why he was unable to challenge each
16 individual RVR as it was issued over the relevant 28-year period. The court finds that petitioner
17 has not met his burden and respondent's motion to dismiss should be granted with prejudice.
18 B.   Petitioner's Motion for Temporary Restraining Order
19       In his motion for temporary restraining order, petitioner claims that during a
20 classifications committee hearing on November 10, 2011, respondent Virga and the other
21 members of the committee released petitioner, who is allegedly a Sensitive Needs Yard inmate,
22 to B-Facility, a "violent [sic] prone yard" without a protective custody program. Petitioner
23 requests, among other things, that he be placed in a yard with a protective custody program.
24       Petitioner's request for injunctive relief is not properly brought within this habeas
25 corpus action. A habeas corpus action pertains solely to challenging "the fact or duration" of
26 confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, claims concerning

the conditions of one's confinement are properly raised in a civil rights complaint.  See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that ... challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of the [habeas] core and may be brought pursuant to a [42 U.S.C.] § 1983 [action] in the first instance.")  Accordingly, this motion should be denied.

C.   Petitioner's Motion to Compel

In his motion to compel, petitioner seeks an order directing respondent to produce a number of documents, including the RVRs at issue.  In light of the recommendation that this action be dismissed, this request will be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

This court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.  Specifically, there is no showing that jurists of

/////

reason would find it debatable whether this action is procedurally barred. Accordingly, the district court should decline to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's December 6, 2011 motion for extension of time is granted;

2. Petitioner's December 14, 2011 motion to compel discovery is denied; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's November 14, 2011 motion to dismiss be granted;

2. Petitioner's November 22, 2011 motion for temporary restraining order be denied;

3. The district court decline to issue a certificate of appealability; and

4. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;driv1055.mtd